## J. S. MORRISON ET AL. v. H. O. NEVIN ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 29, 1889—Decided November 11, 1889.

1. The court below being more familiar with its own rules and its practice under them, a specification assigning error in the violation of one of its rules, will not be considered when it is not clearly made to appear that there was such violation.
2. An affidavit of defence averring that the indebtedness claimed had been paid by notes given, and that afterward the plaintiffs had agreed to take the amount claimed, in trade, and not to bring suit therefor, is insufficient to prevent summary judgment.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 18 October Term 1889, Sup. Ct.; court below, No. 141 October Term 1888, C. P. No. 2.

On August 3, 1888, a summons, returnable to the first Mon-

day of September, was served in an action of assumpsit brought by John S. Morrison and others, partners as Morrison, Bare & Case, against H. O. Nevin and W. I. Nevin, partners as Nevin Brothers. The statement of claim, a copy of which was served with the writ, showed that the plaintiffs sought to recover a balance of $1,159.51, with interest, due upon an account for goods and merchandise sold and delivered.

On August 10, 1888, the defendants filed an affidavit of defence which averred :

" That on March 23, 1885, and on April 16, 1885, the defendants had a settlement with plaintiffs for the claim sued for in this case, and that defendants paid plaintiffs the sum of $1,285.95 in three promissory notes, the dates, amounts and times are as follows :

" Defendants paid plaintiffs on March 23, 1885, their promissory note for $344.50, at twenty days, on account of plaintiffs; and on March 23, 1885, paid plaintiffs their promissory note for $344.50 at thirty days, and on April 16, 1885, paid plaintiffs their promissory note for $596.95, in all the sum of $1,285.95, in full of the said claim of plaintiffs, and includes the $1,159.51 sued for in this case and affidavit hereto attached and made part hereof. Copies of the said notes, as per exhibits A. B. and C. respectively.

" Affiant further says that on April 23, 1885, defendants made an assignment for the benefit of creditors to H. A. Forsyth, as per assignment recorded in Deed Book, vol. 517, page 101, in recorder's office of Allegheny county, Pa., and that said notes were included in the schedule of liabilities and that said assignment is still pending.

" Affiant further says that in the summer of 1887, John W. Cooper, for plaintiffs above named, came to affiant, who has charge of the business at 506 Liberty street, Pittsburgh, Pa., and agreed with affiant to take out in trade, in printing, the amount of $1,285.95, which includes the $1,159.51 sued for in this case, and further agreed with affiant not to bring suit on the plaintiffs' claim in this case, and not to put plaintiffs' claim sued for in this case in judgment; and that said proposition was accepted by affiant, and in pursuance of said agreement, furnished plaintiffs with their bill already accrued, and an ad-

ditional bill amounting to the sum of $503.45, on account of the note held against defendants by plaintiffs, as per exhibit D.

"Affiant further says that he is ready and willing to carry out the agreement made by plaintiffs with affiant and take the balance out in trade, as agreed upon by the plaintiffs in this case.

"Affiant denies that defendants are indebted to plaintiffs in the sum of $1,159.51 and interest, as claimed by plaintiffs, and claims the $503.45 as a set-off to plaintiffs' claim; and further claims the agreement of plaintiffs as a bar to bringing this suit in this case against defendants and having judgment entered upon said claim, in the face of plaintiffs' agreement with affiant, as aforesaid.

"Affiant further says that the defendants are indebted to plaintiffs in the sum of $45.42, after payment of said notes, as per exhibit E, and that the said $45.42 was incurred prior to assignment, and was also included in the trade agreement between plaintiffs and affiant, as aforesaid stated by affiant."

On September 10, 1888, the plaintiffs entered a rule upon the defendants to show cause why judgment should not be entered for want of a sufficient affidavit of defence, for the reason filed that the affidavit did not set forth any fact or facts which, if proven, constituted a good or legal defence. No notice of this rule was served upon defendants or their attorneys, but the rule was put down upon the argument list.

On November 5, 1888, the rule was reached on the argument list and argued by plaintiffs' attorney, when the court, WHITE, J., made the rule absolute, and judgment was entered in favor of the plaintiffs for $1,188.49.

Rule 12, page 11 of the rules of the court below, relating to the entry of a rule for judgment for want of a sufficient affidavit of defence, provides: " . . . . . but no rule shall be called for argument unless the plaintiff shall have given defendant's attorney five days notice, in writing, of the taking of said rule." Rule 18, page 14, provides: "All rules to show cause, unless otherwise ordered, shall be returnable on Saturday of the succeeding week at 10 A. M. If the party to show cause have no attorney of record, at least five days written notice shall be served upon him, and proof filed before the hearing. If he have an attorney of record (except in rules to show cause why

Opinion of the Court.

judgment should not be entered for want of a sufficient affidavit of defence), entry on the argument list for ten days shall be considered notice, unless special notice to the attorney is specially directed by the court." [From appellants' paper-book.]

Rule 110, page 46, of the rules of the court below, provides: "The entry on the argument list, except in cases otherwise provided in these rules, shall be sufficient notice to all parties for whom appearance has been entered; to all other parties ten days notice before hearing shall be given." [From appellees' paper-book.]

Judgment having been entered, the defendants took this appeal, specifying that the court erred:

1. In not discharging the rule for judgment for want of a sufficient affidavit of defence.

2. In not discharging the rule for judgment for want of a sufficient affidavit of defence, in the absence of the record showing any service of notice on defendants below or their counsel, as required by the rules of the court.

3. In making the rule absolute for want of a sufficient affidavit of defence, and entering judgment thereon for $1,188.49 against the defendants below.

4. In making the rule absolute for want of a sufficient affidavit of defence, and entering judgment thereon for $1,188.49 against the defendants below, in the absence of any proof of service of said rule for judgment and the argument of the same.

*Mr. Frank Whitesell* (with him *Mr. William W. Whitesell*), for the appellants.

Counsel cited: McPherson v. Allegheny N. Bank, 96 Pa. 135; Knerr v. Bradley, 105 Pa. 190; Selden v. Neemes, 43 Pa. 421; Leibersperger v. Savings Bank, 30 Pa. 531.

*Mr. W. S. Miller*, for the appellees.

Counsel cited: Partridge v. Partridge, 38 Pa. 78.

PER CURIAM:

We need not discuss the rules of the court below in regard to entering judgment for want of a sufficient affidavit of de-

fence. As that court is more familiar with its own rules, and the practice under them, than we can possibly be, we would not be disposed to reverse for the reasons specified in the second and fourth assignments, unless it had been clearly made to appear that said rules had been violated. This has not been done. Upon the merits, we regard the affidavit of defence as insufficient. The indebtedness to plaintiff is not denied, and the most that the affidavit amounts to is an accord without satisfaction.

Judgment affirmed.