Opinion by
Head, J.,
The main, contention, of the parties at the trial centered around the question whether or not the plaintiff had shipped and delivered the specific article which the defendants had ordered. The order was in writing and called for “1600 feet 2-1/8 in. dia. bolt laid American drilling cable.” The order was duly received and appears to have been accepted without further inquiry. In proper time a cable was shipped. No question is raised but that as to length and thickness it corresponded with the order, nor is there any contention but that the price, to recover which this suit is brought, was the fair market price of the cable ordered. The defendants contended they had not received a bolt laid cable but one known to the trade as a regular or straight laid cable, differing in structure and efficiency from the one ordered. They called a number of witnesses, experienced drillers who for years had bought and used bolt laid cables, who testified that the cable in question was not of that kind, and, because it was not of that kind, would not and could not do the work for which it was intended. They all agree in the statement that the term “bolt laid” was one well known and understood by all persons engaged in the business of drilling well’s, and that the expression indicated the character of the structure of the cable. In reply the plaintiff produced its expert who had superintended the manufacture of the cable in question, and he testified that the term “bolt laid” had no reference whatever to the structure of the cable but did indicate the quality of the material from which it was to be made. The learned trial court submitted this question to the jury and charged, inter aha, “if you are satisfied from the weight of the testimony that they (the defendants) did get the kind of cable they ordered, an American bolt laid cable, then you will return a verdict for the plaintiff for the amount of its claim,” etc. He had previously instructed the jury that where a specific article, known by name or description to the trade, was ordered and received, there was no *622 implied warranty that it would accomplish the purpose for which the purchaser intended it or do any particular kind of work. That this was a correct statement of the legal principle applicable in such cases is clear. If authority be desired to support it, many of the leading cases are cited in the opinion of President Judge Rice in Haines v. Young, 13 Pa. Superior Ct. 303.
But it is equally clear that where a sale of the character of the one now under consideration is made there is an implied warranty that the article shipped will be identical in kind with that ordered by sample or description. In Fogel v. Brubaker, 122 Pa. 7, Mr. Justice Williams says: “In the second class (executory sales), the sales are made by sample or by description, the goods not being seen by the purchaser until they have been selected and forwarded by the seller in pursuance of the previous contract or order from his customer. The rule in these cases is not caveat emptor, but caveat venditor, for the duty of selecting and sending the article ordered by description or from sample is on the seller. The buyer is dependent on his good faith in the premises. If the article selected and forwarded by the seller is not of the kind ordered, or if, being of the kind ordered, it is not merchantable in quality, the buyer may refuse to accept it and give notice to the seller. ... In executory sales the seller warrants that the article shall be of the kind ordered, and merchantable in quality.” It must be conceded then that, under the order given by the defendants and received by the plaintiff, there was an implied warranty on the part of the latter that the cable shipped in pursuance of it should be a bolt laid Cable, but there was no further warranty that it would do any particular kind of work or that it was adapted to the use to which the purchaser intended to put it. The learned judge below was therefore right in the instructions given to the jury in the language already quoted from the charge, and under such a submission there can be no escape from the conclusion that the ver *623 diet establishes that the defendants did not in fact receive the cable they had ordered.
The learned counsel for the appellant agrees that the case turned and should have turned one way or the other on the disposition of this main question, for he says in his brief: “Was or was not an American bolt laid cable shipped was the one issue before the court and the jury.” It being manifest from the verdict that this controlling question of fact was determined against the plaintiff, its case was irretrievably lost under its own contention.
The learned trial judge followed the instructions already noted with the further statement to the jury that if they found that the cable received was not the one which was ordered, but the inferior kind described by the witnesses as a regular or straight laid cable, they might then further consider what was the value of that cable. Of this instruction the learned counsel for the appellant complains. On what ground may he justly do so? As above stated, his case was already lost by the finding of the jury on what he claims to have been the decisive question. The instruction of the learned judge, complained of in the first assignment, could only have tended to furnish a basis to the jury to allow to the plaintiff some value for the article they had, without any order, shipped to the defendants. If the appellant be correct when he says the only question that should have been submitted was whether or not the article ordered had been shipped, the instruction of the court, predicated on the condition that the jury had already determined that question adversely to the plaintiff, was but calculated to aid the plaintiff in receiving something instead of nothing. There was no harmful error in such instruction of which the defendants may complain. The same may be said of the second assignment which is based on the further language of the charge, in the same connection last referred to, calling the attention of the jury to the fact that the evidence of the defendants tended to show that the cable was valueless for any purpose.
*624 Even if we assume that the one question, by which the relevancy of the evidence offered at the trial should be tested, was whether or not the cable shipped was a bolt laid cable, it does not follow that the admission of the evidence complained of in the third assignment constitutes reversible error. That assignment we might dismiss from our consideration because it in no way conforms to our rule of court. Without stating the offer, the objection, if any, or the testimony admitted under the ruling complained of, we have as the basis of the assignment but the naked ruling, viz.: “If you can prove it was not the kind of cable you ordered, we will permit you to show that it was not worth anything.” The testimony, thus admitted, was relevant under the principal issue raised by the pleadings and the evidence generally. The witnesses for the defendants not only declared that the cable in question was not a bolt laid cable but proceeded to give the reasons for their opinion. They explained the structure of such a cable and why, as they viewed it, it must be so constructed. They showed that when so constructed it would necessarily operate in a particular way, and that the very purpose of its structure was to prevent precisely the things that happened with the cable under investigation. Judging its performance during-its brief trial by the effect on the cable itself, they testified that no bolt laid cable could fail to do its work in the very respects in which the cable in question had failed, and that the result of the test performance, indicated by the appearance of the cable itself, was conclusive to their minds not only that it was not a bolt laid cable, but that it was ineffective and dangerous for any kind of use. In any event this assignment could not be sustained.
There was no question between the parties but that the inspection of the cable by the defendants was reasonably prompt; that notice to the plaintiff was at once given; that its representative- came on and examined the cable after its trial, and that thereafter each of the parties maintained the position first taken by them respectively. *625 The plaintiff’s representative returned to New York, leaving the cable where he found it. The present action for the price of a bolt laid cable as ordered followed. The defendants defended on the ground they had not received what they had ordered, and the issue of fact thus raised was stoutly maintained by each litigant until the end.
Viewing the whole record in the light we have indicated, we are unable to see that any substantial injury was done to the plaintiff by the manner in which the case was tried in the respects covered by the several assignments of error. We ought not therefore to interfere with the judgment. The assignments of error are overruled.
Judgment affirmed.