# Philadelphia Drying Machinery Company, Incorporated, Appellant, *v.* Kummerer.

*Contract—Sale—Testing machine—Damages—Certificate to defendant.*

1. In an action to recover the balance of the purchase price of a drying machine sold by plaintiff to defendant, a certificate for the defendant will be sustained where the evidence shows that plaintiff requested the defendant to supply cotton cloth for testing purposes, that the defendant did so, and that the plaintiff's employee, in testing the machine destroyed a lot of such cloth belonging to defendant's customers by reason of a defect in the construction of the machine; and this is the case although the contract provided that if the machine should not do the work specified, the plaintiff should remove all defects therein necessary to secure a full compliance with the contract at its own proper cost, which shall be the extent of its liability.

2. In such a case it is immaterial that the defendant's liability for damages to its customers had not been liquidated or paid, inasmuch as the jury trying the case could properly assess them.

*Damages—Unliquidated damages—Damages for nonpayment—Interest—Case for jury.*

3. When damages claimed for injuries are unliquidated, it is error for

the court to instruct the jury, as a matter of law, that the jury could add six per cent on the damages found, to compensate the defendant for the delay. The amount of such compensation is to be determined by the jury under all the circumstances of the case. The appellate court will not, however, reverse a judgment on this ground, but will simply strike off the interest if the record discloses the exact amount of interest added by the jury, and counsel states a preference to having the interest stricken out instead of a reversal.

Argued Oct. 22, 1913. Appeal, No. 33, March T., 1913, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1908, No. 464, on certificate for defendant in case of Philadelphia Drying Machinery Company, Incorporated, v. A. J. Kummerer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for the balance of the purchase price of a drying machine. Before STRAUSS, J.

The facts are stated in the opinion of the Superior Court.

The verdict was as follows:

We the jurors in the case of Philadelphia Drying Machine Company and A. J. Kummerer find a verdict in favor of the defendant according to the specifications given below.

| | |
|---|---:|
| Value of Amt. of Fabric damaged by Plaintiff Co. | $1,054.28 |
| With interest from Nov. 13, 07, to date | 1,323.12 |
| We also agree that defendant pay plaintiff balance due on machine | 575.00 |
| With interest to date | 727.38 |

In favor of defendant, we certify that the plaintiff is indebted to the defendant in the sum of $595.74.

Judgment was entered on the verdict. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, and instructions.

*Benj. R. Jones*, with him *Q. A. Gates*, for appellant.—
A bailee, bound to use ordinary care only, is not en-
titled to recover for an injury occasioned by the wrong-
ful act of another because he is not liable to the owner:
Gibson v. Bessemer, etc., R. R. Co., 226 Pa. 198; Shaw v.
Fleming, 143 Pa. 104.

It is a broad, general rule, of practically universal ap-
plication, that to warrant a set-off the demands must be
mutual and subsisting between the same parties, for the
statutes of set-off were not passed to allow litigation of
all claims indiscriminately in one suit.    The demands
must be had in the same capacity and in the same right:
Irish v. Johnston, 11 Pa. 483; Hibert v. Lang, 165 Pa.
439; Good v. Good, 5 Watts, 116.

It was error in this case to permit the defendant to
claim as a set-off the damages to Whittaker's and
Wilde's fabric, without showing a payment by him of
the amount claimed as a set-off: Pocono Spring Water
Ice Company v. American Ice Company, 214 Pa. 640;
Brotherton v. Haslet, 5 S. & R. 334; Morrison v. More-
land, 15 S. & R. 61; Miller v. Bradford, 19 Pa. Superior
Ct. 297.

The court erred in giving binding instructions to the
jury that they should allow damage for detention, not
to exceed six per cent, from the date of the damage,
which would be October and November, 1907, to the
present date: Reece v. Rodgers, 40 Pa. Superior Ct. 171;
Pierce v. Lehigh Valley Coal Co., 232 Pa. 170.

*Richard B. Sheridan*, with him *John T. Lenahan*, for
appellee, cited: Haines v. Young, 13 Pa. Superior Ct.
303; Dixon-Woods Co. v. Phillips Glass Co., 169 Pa.
167.

OPINION BY MORRISON, J., February 20, 1913:

On July 29, 1907, The Philadelphia Drying Machinery
Company, plaintiff, entered into a written contract
with A. J. Kummerer, defendant, whereby said plaintiff

agreed to furnish and deliver to defendant f. o. b. cars Philadelphia, a drying machine to be used by the defendant in his business at Hazelton, for the price of $1,150, $575 payable in cash upon the arrival of the machine and presentation of the bill of lading, and the balance to be paid in cash within thirty days of the date of bill of lading. The first installment was paid according to the contract, and this suit was brought to recover the balance of $575, with interest from August 29, 1907. The defendant resisted payment, alleging that when the machine was delivered to him at Hazelton and set up and started to work, it was defective and caused damage to certain cotton fabric, the property of defendant's customers, which was being submitted to the process of drying in the machine. The jury returned a verdict in favor of defendant and certified that the plaintiff, by reason of defendant's claim of set-off, was indebted to defendant in the sum of $595.74.

The written contract provided that should the machinery or apparatus not do the work as specified, The Philadelphia Drying Machinery Company should remedy all defects therein necessary to secure a full compliance with the terms thereof, at its own proper cost, which should be the extent of its liabilities, and that no understanding existed outside of the contract.

From this statement of facts it would appear that the case would have been an easy one to try, but in his opinion refusing a new trial the learned trial judge states that the case was unusually long, occupying more than a week in its trial. The appellant's paper-book contains sixty-four pages of printed matter and the appendix thereto has 262 pages more. This at least speaks well for the patience of the trial judge and the zeal of the learned counsel for the respective parties. We find in the record twenty-three assignments of error, but we do not deem it necessary or profitable to discuss these assignments separately. At the conclusion of the argument by appellant's learned counsel we find

the following: "For these reasons we respectfully submit that the learned court erred:

"First. In reading into the contract a provision which the written contract provided should not be done. Second. In permitting the jury to find that Locksley's duties were otherwise than merely to start the machine and instruct in the mechanical part thereof, and not in the bleaching. Third. In permitting the jury to find a certificate in favor of the defendant for alleged damages without submitting to them the question of defendant's negligence and failure to prove that the goods used by Locksley in trying the machine had complied with all the conditions of the contract. Fourth. In permitting the jury to return a certificate in favor of the defendant for damages which had never been paid or liquidated. Fifth. In permitting the defendant as a bailee to recover damages for injury to the bailor's property while in possession of the bailee, and after the delivery of the goods for which the bailor has never brought suit nor been paid. Sixth. In permitting the defendant to recover damages in view of the restriction in the contract that the only damages for which plaintiff would be liable would be for remedying the defects. Seventh. In giving binding instructions to the jury to add six per cent. as damages for delay."

As to the first reason alleging error: The plaintiff was to start and test the machine and when it was set up plaintiff's agent notified the defendant that it could not be started and tested without a quantity of cotton fabric to run through the machine; the quality and kind of cloth was described to defendant, and he procured it and wired plaintiff that the cloth was ready and that he desired the machine started and tested. Plaintiff replied to this telegram from its main office and sent a man to start and test the machine, and, as the jury evidently found, the plaintiff's man, in testing the machine, destroyed a lot of defendant's customers' cloth by reason of a defect in the construction of the

machine. In addition to this the defendant subsequently destroyed an additional quantity of cloth in attempting to dry it in the machine. Plaintiff caused the defect to be remedied and thereafter no more cloth was destroyed or injured. The learned trial judge only permitted the jury to assess damages for the cloth which was destroyed by plaintiff's man in operating the machine. Defendant's counsel contended through the trial and thereafter that damages should also have been allowed for the cloth damaged or destroyed while defendant was operating the machine himself. But the trial judge withdrew this from the jury and we need not discuss it because the plaintiff has no ground of complaint on that score. Notwithstanding the provision in the contract, if the machine or apparatus shall not do the work specified, the plaintiff shall remove all defects therein necessary to secure a full compliance with the contract, at its own proper cost, which shall be the extent of its liability, and that no understanding exists outside of this writing, we cannot agree with the contention of plaintiff's learned counsel that it could request the defendant to furnish cloth to test the machine and that plaintiff could then destroy a large quantity of this cloth belonging to defendant's customers, for which defendant was liable to respond in damages, and then escape all liability on account of the provision in the contract above referred to.

What we have already said, in view of the evidence and the verdict of the jury, disposes of the second ground of error asserted by appellant's counsel. We fail to see any force in the third reason assigned because when the plaintiff asked for a quantity of cloth to test the machine, and on notice that the cloth was ready, sent its man to defendant's place to start the machine and use the cloth, it is to be presumed that this man represented the plaintiff, knew his business and that he found such cloth as plaintiff desired, otherwise he would not have used it.

We can see no merit in the fourth and fifth reasons

because the plaintiff requested the defendant to procure cloth for testing the machinery, and this the defendant did, and the cloth was destroyed by a defect in the machine, and the defendant was clearly liable to the owners of the cloth for the damages to it, and it does not concern the plaintiff whether or not said damages had ever been liquidated or paid. The jury trying the present case was, presumably, just as competent to liquidate the damages as any other jury. We think the plaintiff could not resist the payment of damages because the amount thereof had not been liquidated or paid by the defendant to the owners of the cloth. The defendant was clearly liable to the owners for said damages and it does not concern the plaintiff when or how such claims may be adjusted between the defendant and the owners of the cloth. All that the plaintiff can be heard to insist is that the jury trying the present case properly assessed the damages as between the plaintiff and defendant: Haines v. Young, 13 Pa. Superior Ct. 303. What we have already said sufficiently answers the sixth reason.

We find merit in the seventh reason as to the court practically giving binding instructions to the jury to add six per cent to the amount of damages for delay. The damages were unliquidated and when the jury liquidated the same it did not follow, as a matter of law, that the jury could add six per cent on the amount thereof to compensate the defendant for the delay. If the jury had been properly instructed as to interest in such cases, it is not at all certain that any interest would have been allowed, and if any had been, it might have been much less than six per cent. We undertook to state the rule on this question in Reece v. Rodgers, 40 Pa. Superior Ct. 171, where we said: "It has often been decided that it is error to instruct a jury to add interest to the amount of damages they assess in an action of tort. Where the damages are unliquidated, the jury should be instructed that they may add not to exceed

legal interest or a less amount as they see fit. 'Interest is recoverable of right, but compensation for deferred payments in torts, depends on the circumstances of each case.'" (Citing cases.)

In Pierce v. Lehigh Valley Coal Co., 232 Pa. 170, the Supreme Court said: "The right to compensation for delay in the payment of damages arising out of a tort depends upon the circumstances of the case. It is, therefore, usually a question for the jury under the evidence submitted. If the fault in nonpayment of the claim rests with the defendant he cannot complain if he is required to compensate for the delay. If on the other hand the fault lies with the plaintiff by reason of an excessive and unconscionable demand, one which the defendant is required to protect himself against by litigation, he should not be penalized for the unwarrantd conduct of the plaintiff and required to pay damages for the delay in the settlement of the claim."

In the present case, under the charge of the trial judge, the jury added legal interest to the whole amount of damages found in favor of defendant, and also added legal interest to the amount claimed by plaintiff on the contract, from the date of the delivery of the machine. Under the finding of the jury the defendant was not indebted to the plaintiff when this suit was brought, and, therefore, no interest should be allowed on the $575 claimed by plaintiff. On the other hand the instructions to the jury as to interest in favor of the defendant are erroneous, and as the verdict returned shows the exact amount of interest allowed to both plaintiff and defendant, we all think justice will be done by striking out all interest and this will require modification of the judgment as follows:

Amount of damages found for defendant . . . . . $1,054.28

Amount claimed by plaintiff as balance on
machine. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 575.00

Balance due defendant. . . . . . $ 479.28

which is the amount of judgment here granted for defendant, with interest from February 10, 1912.

At the argument counsel for defendant stated that they preferred having the interest on the damages stricken out instead of a reversal and another trial.

The assignments of error are all overruled, and, as modified, the judgment is affirmed, and the appeal dismissed at the cost of appellant.