## The Port Carbon Iron Co. *versus* Groves *et al.*

68        149
19 SC ¹ 43

68        149|
f 210     ²326|

1. If an article is ordered for a special purpose and is sold for that purpose, there is an implied warranty that it is fit for that purpose.

2. This principle does not apply to cases where a special thing is ordered, although intended for a special purpose.

March 9th 1871. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county:* No. 216, to July Term 1870.

In the court below, Michael J. Groves and others, trading as Grove Brothers, to June Term 1868, brought an action of assumpsit against the Port Carbon Iron Company for the price of 10 tons of pig iron at $46 per ton.

The plaintiffs proved that on the 10th of November 1866, they sold to the defendants, in pursuance of written order, 10 tons of A No. 1 pig-iron, at $46 per ton cash, and so entered it in their order book, and proved the delivery of that amount of pig iron. They also gave evidence that it was the best quality of iron.

The defendants gave evidence that they used the iron and it was of an inferior quality; that they had to break up the castings which had been made from it because of the defect in the iron.

The defendants proposed to prove, " that the castings made from the iron sold by the plaintiffs to the defendant, and to recover the value of which this suit was instituted, were worthless, and that the defendant was compelled to break them up, and to reheat and recast the same; that the said defendant suffered a loss by reason of said castings proving worthless, of at least $500. The plaintiffs having proved the fact that the iron was sold to the de-

[Port Carbon Iron Co. v. Groves.]

fendant for A No. 1 pig-iron of the first quality, and the defendant having shown that said iron was of an inferior quality, and not of the character represented :"

The plaintiff objected to the offer.

The court (Ryan, P. J.) rejected the offer, saying :—

"The defendant has proved all of this offer except the alleged damages, and this part of the offer is rejected upon the ground that the defendant kept and used the iron, and is bound to pay what it was worth. There was no warranty for any special purpose."

A bill of exceptions was sealed for defendants.

The verdict was for the plaintiffs for $562.58.

The defendants took a writ of error and assigned for error the rejection of their offer.

*S. W. Geer* and *L. Bartholomew*, for plaintiffs in error.—Sale of goods described in a bill implies a warranty that the goods are of that description : Borrekins *v.* Bevan, 3 Rawle 37 ; Fraley *v.* Bispham, 10 Barr 324 ; Jennings *v.* Gratz, 3 Rawle 169 ; Dailey *v.* Green, 3 Harris 125 ; Henshaw *v.* Robins, 9 Metcalf 83 ; Hastings *v.* Lovering, 2 Pick. 214. Damages by breach of warranty may be set off for the price of the goods without returning them : Steigleman *v.* Jefferis, 1 S. & R. 477 ; 1 Parsons on Cont. 591, 592 and notes.

*J. W. Ryon*, for defendants in error, cited Jackson *v.* Wetherill, 7 S. & R. 482 ; Fraley *v.* Bispham, 10 Barr 320 ; Wetherill *v.* Neilson, 8 Harris 448 ; Eagan *v.* Call, 10 Casey 236 ; Weimer *v.* Clement, 1 Wright 149 ; Adams Express Co. *v.* Egbert, 12 Casey 360 ; Forsyth *v.* Palmer, 2 Harris 97 ; Frankenfield *v.* Freyman, 1 Id. 57 ; Gilpin *v.* Consequa, 1 Peters C. C. R. 94 ; s. c. Wash. C. C. R. 184 ; Willing *v.* Consequa, 1 Peters C. C. R. 172.

The opinion of the court was delivered, March 20th 1871, by

READ, J.—The plaintiffs sold to the defendants ten tons A No. 1 pig-iron, at $46 per ton, cash. It was to be of the first quality, A No. 1 iron, and it was shipped to the defendants, who retained and used it.

On the trial the defendants made the following offer :—

"The defendant proposes to prove by Ralph Lee and others, witnesses produced on the part of the defendant, that the castings made from the iron sold by the plaintiffs to the defendant, and to recover the value of which this suit was instituted, were worthless, and that the defendant was compelled to break them up and to reheat and recast the same ; that the said defendant suffered a loss by reason of said castings proving worthless of at

[Port Carbon Iron Co. v. Groves.]

least $500. The plaintiffs having proved the fact that the iron was sold to the defendant for A No. 1 pig-iron of the first quality, and the defendant having shown that the iron was of an inferior quality and not of the character represented"—This was objected to and the court said :—

" The defendant has proved all of this offer except the alleged damages, and this part of the offer is rejected upon the ground that the defendant kept and used the iron, and is bound to pay what it was worth. There was no warranty for any special purpose."

This is a correct statement of the law: "If a thing be ordered of the manufacturer for a special purpose, and it be supplied and sold for that purpose, there is an implied warranty that it is fit for that purpose. This principle has been carried very far. It must, however, be limited to cases where a thing is ordered for a special purpose, and not applied to those where a special thing is ordered, although this be intended for a special purpose: 1 Pars. on Cont. 586–7.

Connected with the general question there are two late important decisions: The Youghiogheny Iron Company v. Smith, where the opinion was by my brother Sharswood, and which is reported in 16 P. F. Smith 340, and Osborn v. Hart, 23 Law Times R. N. S. p. 851 in the Exchequer, decided 11th January 1871.

Judgment affirmed.