## Jarecki Mfg. Co., Ltd., *v.* Thomas R. Kerr, Appellant.

*Sale—Warranty—Particular purpose.*

Where a known, described and definite article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still if the known, described and defined thing be actually supplied there is no warranty that it shall answer the particular purpose intended by the buyer.

A representation made by an agent of the vendor to the vendee that the merchandise was as good as any in the market, is not a warranty.

Argued Oct. 31, 1894.    Appeal, No. 207, Oct. T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1893, No. 173, on verdict for plaintiff.    Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit for tubing and other articles used in drilling and operating oil and gas wells, plaintiffs being dealers in such articles.    Before McCLUNG, J.

Defendant claimed to set off damages caused by defective tubing.

At the trial, E. C. Beardsley, a witness for defendant, testified:

" Q.  What conversation had you with Mr. Griffin [an agent of plaintiff] in regard to the tubing?

" A.  Well, I told him that we needed some tubing; of course we expected to get an oil well when we drilled the well,—we were in hopes to; I told him we had a gas well and were going to tube it and wanted some tubing for that purpose.

" Q.  What did he say about their tubing?

" A.  I asked him in regard to their tubing; he told me they were selling Pennsylvania tubing,—it was called Pennsylvania pipe.  I said the reputation of that pipe at one time was not good, but he said their pipe was as good as any in the market at that time, and after talking with him I ordered the tubing from him."

Defendant proposed to prove by a witness on the stand, to be followed by other testimony, that by reason of the defective pipe defendant incurred a large expense in testing and replacing said pipe, all of which was reasonable and necessary and directly resulted from imperfect tubing furnished.   This is to be followed by other testimony showing that it was impossible to have discovered the defects without an actual test.   Objected to as incompetent, irrelevant and immaterial, as no contract of warranty express or implied has been shown.   Objection sustained and exception. [1]

Defendant then proposed to prove by the witness on the stand, to be followed by the testimony of other witnesses, that the witness purchased the tubing in question from Mr. Griffin, plaintiff's agent or salesman; that on inquiring as to what

tubing they sold, he replied Pennsylvania tubing. Witness inquired if it was good; Griffin replied that at one time its reputation was not good, but at the time of the conversation it was as good as any tubing on the market. The witness thereupon, relying upon the judgment and skill of the vendors, ordered the tubing, informing the vendor for what purpose it was designed, namely, for a gas well. Upon putting it in the well it was found to be defective and not suited for the purpose for which it was sold. It was drawn out and replaced several times before the cause of the trouble was ascertained, which was that the collars or thimbles were not fastened as tightly as they should have been, and did not fit the opposite joint, and that the ends of the pipe came together before the collars had taken proper hold and prevented the joints from being tightly screwed together. That this defect could not have been discovered on inspection, and that as a natural consequence the defendant was put to large expense in testing, removing and replacing the pipe, etc., all of which was necessary for the protection of this well. Objected to as incompetent, irrelevant and immaterial. The Court: We do not understand the defendant to offer to prove anything with respect to the terms of the sale and the nature of the defects materially different from that which has already been proven, the present question being upon the proof of damages. So understanding the offer, we sustain the objection and seal a bill for defendant. [2]

The court gave binding instructions for plaintiff. [3]

Verdict for plaintiff for full amount of claim.

A motion for a new trial was overruled in the following opinion by McClung, J.:

"Defendant's agent went to plaintiff's representative to purchase gas well supplies. He was informed that plaintiff was selling Pennsylvania tubing. He remarked that at one time the reputation of that pipe was not good. Plaintiff's agent replied that it was now as good as any in the market. Defendant's agent then ordered this tubing. When it was put in the well the joints leaked. Plaintiff furnished new pipe without charge. Defendant here seeks to hold plaintiff for his loss and expense whilst putting in, attempting to use, and removing the first string of pipe. The court rejected an offer to prove the amount of this loss and damage. This constitutes the ground of defendant's motion for a new trial.

" It is conceded by defendant's counsel that defendant ordered the Pennsylvania tubing and that he got what he ordered. It is also conceded that, if this order had been given without representations on the part of plaintiff as to the quality of this tubing, defendant could not set off these damages. It is contended however that, because plaintiff, knowing that the tubing was for a gas well, stated that this pipe was as good as any in the market, there is an implied warranty which creates a liability.

" The representation does not change the nature of the transaction. The order is for this particular pipe. It is not alleged that the representation was made in bad faith. This being conceded, the statement, although it may have induced the purchaser to buy, does not increase the liability of the seller.

" This is not a case of a party directing a manufacturer or dealer to fit out his gas well with tubing. It is the case of a purchaser ordering a particular make of pipe—induced to do so, it is true, by the statements of the seller, made moreover in good faith. The position taken by defendant is that this puts him in the same position as if he had required and received an express warranty as to the quality of the tubing.

" We cannot agree with him in this and hence are of opinion that a new trial should be refused."

Judgment was entered for plaintiff. Defendant appealed.

*Error assigned* was (1, 2) rulings ; (3) instruction ; quoting bills of exception and instruction respectively.

*James Doty* and *W. K. Jennings, Hugh S. Craig* with them, for appellant.—This case comes within the rule that, when a manufacturer or dealer contracts to supply an article which he manufactures or produces, or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the skill of the manufacturer or dealer, there is in that case an implied warranty that it shall be reasonably fit for the purpose to which it is to be applied : Biddle on Warranties, §§ 167–182 ; 2 Benj., Sales, § 988 ; 1 Parsons, Contracts, § 586, p. 629 ; Iron Co. v. Groves, 68 Pa. 149 ; Coal & Iron Co. v. Hoffman, 4 Atl. R. 848 ; Fogel v. Brubaker, 122 Pa. 7 ; Iron Works v. Barber, 106 Pa. 125 ; Rodgers v. Niles, 11 Ohio St. 48 ; Parks v. Tool Co., 54 N. Y. 586 ; Fisk v. Tank, 12 Wis. 306 ; Jones v. Bright, 5 Bing. 533.

When an article is warranted fit for a particular purpose, the purchaser can recover damages caused by an attempt to use it for that purpose. In any event actual loss may be recovered: Sedgwick on Damages, § 765 et seq.; Coal & Iron Co. v. Hoffman, 4 Atl. R. 848; Johnson v. Freemann, 160 Pa. 317; Fogel v. Brubaker, 122 Pa. 7; Iron Works v. Barber, 106 Pa. 125; Parks v. Tool Co., 54 N. Y. 586; Fisk v. Tank, 12 Wis. 306; Bagley v. Co., 22 Blatch. 342; Thoms v. Dingley, 70 Me. 100; Randall v. Newson, L. R. 2 Q. B. D. 102-111; Beeman v. Banty, 118 N. Y. 538.

*A. Leo Weil,* for appellee.—The representations of Griffin with reference to the tubing were expressions of opinion only, and did not constitute a warranty: Mehaffey v. Ferguson, 156 Pa. 170.

There was no implied warranty: Jones v. Just, L. R., 3 Q. B. 197; Biddle on Warranties, § 171; 2 Benj. Sales, §§ 987, 988; Tiedeman on Sales, § 190; Mason v. Chappele, 15 Grattan, 572; Story on Sales, § 371; Iron Co. v. Groves, 68 Pa. 149; Parkinson v. Lee, 2 East, 314; Hibbert v. Shee, 1 Camp. 113; Gardner v. Gray, 4 Camp. 144; Chanter v. Hopkins, 4 M. & W. 399.

PER CURIAM, Jan. 7, 1895:

The learned judge of the court below in his opinion on the motion for a new trial has expressed with much force and clearness the precise considerations which cover and control the whole of the defendant's case. The evidence upon which the defendant relied was briefly but carefully reviewed, and was effectively shown to be insufficient to make out any case of implied warranty. There was but one witness examined for the defendant and his testimony failed to show anything more than an order for Pennsylvania tubing and without any agreement or even proposition that it should be " tested." Nor does the testimony show any representation by the plaintiff's agent that the tubing should be any other than Pennsylvania tubing which he said, it is true, was as good as any in the market, but which he did not engage to furnish of any particular quality nor for any particular purpose. We think the case upon the defendant's testimony comes within the third class designated in Mr.

534    JARECKI MFG. CO., Ltd., *v.* KERR, Appellant.

Opinion of the Court.                          [165 Pa.

Justice MELLOR'S classification in Jones v. Just, L. R. 3 Q. B. 197, to wit: " Thirdly, where a known, described and definite article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still if the known, described and defined thing be actually supplied there is no warranty that it shall answer the particular purpose intended by the buyer: Chanter v. Hopkins, 4 M. & W. 399; Ollivant v. Bailey, 5 A. & E., N. S. 288 ( E. C. L. R. vol. 48 )."

The rejected offer of testimony was not different in any material sense from the testimony previously given.

Judgment affirmed.