# Wilkinson, Appellant, *v.* Stettler.

*Contract—Sale—Warranty—Horse.*

A statement by the vendor of a horse that the horse is "solid, sound, all right, and would work any place," does not constitute a warranty, and this is the case although the vendor knows that the horse is being bought for use in a delivery wagon.

Argued March 14, 1911. Appeal, No. 14, March T., 1911, by plaintiff, from order of C. P. Snyder Co., Oct. T., 1909, No. 56, refusing to take off nonsuit in case of F. J. Wilkinson v. N. B. Stettler. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover back the purchase money of a horse. Before McCLURE, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

McClure, P. J., filed the following opinion:

This is an action to recover damages for breach of a warranty in the sale of a horse. The warranty, as set forth in the statement, was that the horse was "solid, sound, all right and would work any place." While the plaintiff said that the defendant guaranteed the horse to be sound, etc., this was a mere conclusion. The words used by the defendant, as testified by the plaintiff, were as follows: "He said he was solid and sound and would work any place. That was all he said about the horse." This was no more than a representation of the qualities of the horse, and as there was nothing else in the case to justify the conclusion that the defendant intended to bind himself to the truth of the statement, on the authority of Holmes v. Tyson, 147 Pa. 305, a motion for a compulsory nonsuit was sustained.

It is true that in many states a bare representation or assertion as to the quality of the goods may amount to a warranty, if there be nothing to negative that it was understood to be such. But the doctrine never obtained a foothold in Pennsylvania. Here the true nature of a warranty as a separate, independent, collateral stipulation for the existence or truth of some fact relating to the thing sold was early recognized. In McFarland v. Newman, 9 Watts, 55, Chief Justice Gibson characterizes it as a concomitant, collateral, self-existent contract; and no more a part of the sale than a covenant of warranty in a deed is part of the conveyance. It was there held that a statement of fact by a vendor in commendation of his commodity was not an express warranty, nor evidence of it. That to constitute a warranty there must be some expression on the part of the vendor which imparts a willingness to be bound for the truth of his representation. The use of the word warrant is not essential. "But," as was said by Duncan, J., in Jackson v. Wetherill, 7 S. & R. 480, "the words used must be tantamount; they must not be dubious, or equivocal; but it must appear from the whole evidence that the affirmant intended to warrant, and did

not express a mere matter of judgment or opinion." The plaintiff in that case told the defendant repeatedly "He was sure the mare was perfectly safe, kind and gentle in harness." This was held to be a bare affirmation of quality which would not give a cause of action unless the vendor knew the mare was not as represented, and then for deceit, not for breach of warranty. In Eshleman v. Lightner, 169 Pa. 46, the witness Hires testified that Eshleman said to Lightner "the horse was safe, sound, and any lady could drive him, and very gentle." This expression the court held to be a representation, not a warranty, and so charged the jury.

Here we have nothing more than words of commendation of the horse. The vendor said he was sound and serviceable, but there was no collateral undertaking to make good if he on trial proved otherwise. Hence, there was no express warranty.

Another, and a new, position was taken at the argument, viz., that as the horse was bought for use in a delivery wagon, and the vendor knew the use to which the vendee expected to put him, there was an implied warranty in the sale that he was adapted for that purpose.

This was not a sale by sample, nor a sale of an article ordered and supplied for a particular purpose, with no opportunity to inspect it. Morse v. Union Stock Yards, 14 L. R. A. 157, relied upon by counsel for the plaintiff, is easily distinguishable. There an order was given for two car loads of good beef cattle. When delivered they were found to be not of the quality ordered. The buyer had not inspected the goods, and it was held that there was an implied warranty that cattle were fit for the purpose intended. The maxim of caveat emptor was recognized as applying to sales of personal property in the absence of an express warranty, and where the buyer has an opportunity to inspect the goods. Here the plaintiff inspected the horse. When after such inspection, and without express warranty, he bought the animal, he took the risk of his quality and his fitness for the purpose to which he

410    WILKINSON, Appellant, *v.* STETTLER.

Opinion of Court below—Opinion of the Court.    [46 Pa. Superior Ct.

was to be applied: Wetherill v. Neilson, 20 Pa. 448; Shisler v. Baxten, 109 Pa. 443.

"Caveat emptor," says Judge DUNCAN in Jackson v. Wetherill, 7 S. & R. 480, 483—and it is as true to-day as it was in 1822,—"will apply with more force to the sale of a horse than any other article; a horse being more the subject of speculative dealing than almost any chattel, and being more liable to secret maladies than any other animal (which maladies are frequently not discernible on inspection or mere trial), it is usual to require from the seller a warranty of soundness as to latent defects. Dealers in horses do not lay themselves under much restriction in praise of their animals; but you touch a tender point when you propose warranty."

July 15, 1910, the motion to take off the nonsuit is overruled.

*Error assigned* was refusal to take off nonsuit.

*Robert W. Cummings*, with him *F. S. Wagenseller* and *W. K. Miller*, for appellant, cited: Weidner v. Merz, 148 Pa. 252; McFarland v. Newman, 9 Watts, 55; Graham & Co. v. Hollinger, 46 Pa. 55; Shaffner v. Fishburn, 1 Pearson, 127.

*Chas. P. Ulrich*, with him *A. W. Potter*, for appellee, cited: Jackson v. Wetherill, 7 S. & R. 480; Holmes v. Tyson, 147 Pa. 305; McFarland v. Newman, 9 Watts, 55; Fraley v. Bispham, 10 Pa. 320; Wetherill v. Neilson, 20 Pa. 448; Whitaker v. Eastwick, 75 Pa. 229; Herman v. Brinker, 17 Pa. Superior Ct. 177; Eshleman v. Lightner, 169 Pa. 46.

PER CURIAM, April 17, 1911:

We are all of opinion that the words alleged to have been used by the vendor at the time of the sale do not import an express warranty of the truth of the representation; and as no circumstances were shown from which the jury

could legitimately infer that the vendor intended them to be accepted by the vendee as a warranty, the learned trial judge committed no error in entering a compulsory nonsuit and refusing to take it off. This conclusion is so well supported by the opinion filed by him and the Pennsylvania decisions therein cited that further discussion by us would be mere repetition.

Judgment affirmed.