## Walker v. Kirk, Appellant.

*Contracts—Sales—Warranty—Horse.* ·

A mere statement by the vendor of a horse that the animal "is sound and all right and a good worker double" does not constitute a warranty, but is merely a naked affirmation and representation.

In an action to recover the purchase price of a horse, such a representation, unaccompanied by circumstances from which a jury could legitimately infer an intention on the part of the vendor to be bound by the truth of the statement, does not amount to a warranty, and the court did not err in directing a verdict in favor of the plaintiff.

Argued April 18, 1919. Appeal, No. 8, April T., 1919, by defendant, from judgment of C. P. Armstrong Co., June T., 1916, No. 239, on verdict for plaintiff in case of A. G. C. Walker v. J. A. Kirk. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit for the purchase price of a horse. Before KING, P. J.

The court directed a verdict in favor of the plaintiff for $146.47 and entered judgment thereon. Defendant appealed.

*Errors assigned* were in giving binding instructions for the plaintiff and refusal of a new trial.

*H. A. Heilman,* and with him *L. S. Roberts,* for appellant.

*W. A. McAdoo,* for appellee.

OPINION BY KELLER, J., July 17, 1919:

The plaintiff, a farmer, sold his personal property, including certain live stock, at public auction to the highest bidder. The defendant, a liveryman of eighteen years' experience, attended the sale and was the successful bidder on a five-year-old mare. Before bidding for the mare he had examined her or "looked her over." The defendant himself made no inquiry of the plaintiff as to the condition of the mare, but testified that the auctioneer just before offering her for sale, said to the plaintiff, "What statement have you to make on this mare?" And the plaintiff said, "This mare is sound and all right and a good worker double, but we never hitched her single." The mare was knocked down to the defendant at $100. After the sale he had some conversation with the plaintiff and told him that he did not want the mare as she was too small for him, and the plaintiff finally agreed to accept $95, for which, together with some other articles bought at the sale, the defendant gave his check. The defendant subsequently refused to pay the check, and the plaintiff brought this action thereon. The defendant set up as a defense to the action that the mare balked and had a jack on her left hind leg.

In our opinion, this case is governed by the decision of this court in Wilkinson v. Stettler, 46 Pa. Superior Ct. 407. In that case the vendor of a horse said "he was solid and sound and would work any place." This was held under the circumstances of the case to be no more than a representation of the qualities of the horse and not to import an express warranty of the truth of the representation. The evidence in this case is equally barren of circumstances from which the jury could legitimately infer that the vendor intended the statement made by

him to be accepted by the vendee as a warranty. The case is easily distinguishable from Pyott v. Baltz, 38 Pa. Superior Ct. 608. In that case the question of warranty was left to the jury, but the purchaser before bidding on the cows asked the seller "if they were sound and all right," to which he replied, "Yes, as far as I know." The purchaser then said, "Will you sell them to be sound and all right"? And he answered, "Yes." And later, in response to the question, "You sell these cows as being sound cows"? The seller said, "That is the way I intend to sell them." There was other testimony from which, although disputed, a warranty might be inferred, and whether there was a warranty or not was therefore a question of fact for the jury. Yet this court in affirming the judgment of the court below said, "The general doctrine of Pennsylvania cases is that, though to constitute a warranty no particular form of words is required, the naked averment of a fact without more is not a warranty. In connection with other circumstances it certainly may be taken into consideration, but the jury must be satisfied from the whole that the vendor actually, and not constructively, consented to be bound for the truth of his representation. Should he have used expressions partly importing a willingness to be thus bound, it would furnish a reason to infer that he had intentionally induced the vendee to treat on that basis; but a naked affirmation is not to be dealt with as a warranty, merely because the vendee has gratuitously relied on it: Herman v. Brinker, 17 Pa. Superior Ct. 177."

In the present case, there was merely a naked affirmation or representation, not in itself importing a warranty, and unaccompanied by circumstances from which the jury could legitimately infer an intention on the part of the vendor to be bound for the truth of his statement, and therefore the learned trial judge did not err in refusing to submit the case to the jury.

The assignments of error are overruled and the judgment is affirmed.