### THE LASHER COMPANY *vs.* LAURENT LABERGE.

Androscoggin.    Opinion November 15, 1926.

*In an action brought on a written contract for the conditional sale of a known, described and defined article, with a count on a promissory note given in payment, in which contract was a clause that it contained all the agreements between the parties, oral representations by agents in negotiating the sale will not bind the principal, and afford no ground for the rescission of the contract or for recoupment.*

*Under such a stipulation in the contract, there was no implied warranty of quality or fitness.*

In the instant case the buyer, by his written order, selected the type of freezer he desired. If he received the article described in his contract, there being no warranty, he cannot complain, if it proved unsuitable or inefficient.

On exceptions by defendant. An action of assumpsit on a written contract for the purchase of a Lasher Freezer Display Case, and on the note given by defendant to plaintiff pursuant to the contract. At the close of the evidence the presiding Justice directed a verdict for plaintiff and defendant excepted. Exceptions overruled.

The case is fully stated in the opinion.

*George C. Wing and George C. Wing, Jr.,* for plaintiff.

*Louis J. Brann,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, BASSETT, JJ.

WILSON, C. J.    An action to recover the balance due on a contract of conditional sale of an article, described in the contract as a "No. 110 Lasher Freezer Display Case," with a count on a promissory note given in payment.

The contract of purchase was in the form of an order, on a printed blank supplied by the plaintiff, and signed by the defendant and accepted by the plaintiff. The note declared on was payable in monthly installments and contained the stipulation that, in case of failure to pay any one installment when due, the entire sum should immediately become due and payable.

The display case was delivered in December, 1924, and after setting it up in his store, the defendant made two monthly payments on the note in addition to a payment made upon signing the order and one on the delivery of the case as provided in the written contract.

On February 18th, 1925 and again on February 25th, the defendant wrote the plaintiff, refusing to make further payments and claiming that the display case was not as represented and notifying the plaintiff that he rescinded the contract, and that the display case would be placed in storage in Auburn, subject to the plaintiff's order.

In his brief statement under the general issue, the defendant sets up a breach of a warranty; that the display case would keep meats and around and below the freezing point, and would be of a certain height and hold tubs of lard of a certain size; and also claims recoupment because of a failure to comply with said representations and also by reason of a total failure of consideration.

In the court below, after the evidence was in, the court directed a verdict for the plaintiff, and the case is here on exceptions to the ruling of the presiding Justice.

The case was tried below on the issues of whether there was a failure of material representations as to its refrigerating qualities, its height and capacity to hold articles of a certain size, and whether the defendant's attempted rescission was within a reasonable time. It is upon these points that defendant relies under his bill of exceptions.

The exceptions must be overruled. The alleged representations of quality, height, and capacity were oral and made by the salesman of the plaintiff, if made at all. The order signed by the defendant, which became a contract upon its acceptance by the plaintiff, contained the express stipulation, that it contained all the agreements between the parties, which was notice to the defendant that the salesman had no authority to bind the plaintiff to or by any additional or collateral agreement or representations. If the defendant relied on any such oral statement, he did so at his peril. *Guth Piano Co.* v. *Adams,* 114 Maine, 390, 393. A breach of any oral representations or warranties by the salesmen, therefore, afforded no ground for a rescission of the contract by the defendant or for recoupment in this action.

It was not claimed at the trial below, nor urged before this court, that there was an implied warranty of quality or fitness. Indeed

none could be claimed under the stipulation of the written contract that it contained all the agreements of the parties.  *Lombard Co.* v. *Paper Co.*, 101 Maine, 114, 120, *Whitmore et al.* v. *So. Boston Iron Co.*, 2 Allen, 52, *Chanter* v. *Hopkins*, 4 M. & W., 399.

The only inference to be drawn from the evidence is that the contract was to furnish a known described and defined article, viz.: a "No. 110 Lasher Freezer Display Case," and not an order to supply or manufacture an article for a particular purpose, where the selection or design of the articles is left to the seller or manufacturer.

The buyer, by his written order, selected his own type, a "No. 110." If he received that article, he cannot complain, if it proved unsuitable, or inefficient, there being no warranty.  *Lombard Co.* v. *Paper Co.*, supra; *Chanter* v. *Hopkins*, supra; *Seitz* v. *Refrigerating Machine Co.*, 141 U. S., 510.  If the defendant desires assurance of quality or fitness, he should have demanded a warranty from the plaintiff itself. If its agents exceeded their authority after the notice contained in the contract and made material representations that failed, the defendant's remedy is against the agent and not the company, *Guth Piano Co.* v. *Adams*, supra.

There being no binding warranties or representations on which the defendant could rely, there was no ground for rescission or recoupment, and, upon the evidence, the plaintiff was entitled to a verdict for the balance due on the note.  Whatever the ground was, on which the court below directed the verdict, which does not appear in the printed case, the defendant was not aggrieved.

*Exceptions overruled.*