# Thomas Grate Bar Company, Appellant, *v.* Lehigh Valley Cold Storage Company.

*Sales—Sales of goods—Grate bars—Guarantee—Acceptance of goods—Sales Act of 1915—Case for jury.*

In an action of assumpsit to recover for grate bars alleged to have been sold and delivered to defendant, it appeared that the bars were guaranteed to give satisfactory service. It also appeared that plaintiff was notified that the bars were unsatisfactory, and that plaintiff's President made an unsuccessful attempt to operate the bars in defendant's plant. It further appeared that plaintiff's President, while attempting to operate the bars, was notified that the bars would be removed unless he could produce satisfactory results.

Under such circumstances, the case was for the jury on the question of the acceptance of the bars by defendant, and a verdict for the defendant will be sustained.

There is nothing in the Sales Act which prohibits the parties to a contract from agreeing that the mere installation and use of the goods shall not of itself act as an acceptance, when there is a guarantee on the part of the seller that the property sold shall, during subsequent use, fulfill certain conditions.

Argued December 8, 1926. Appeal No. 302, October T., 1926, by plaintiff from judgment of C. P. Northampton County, September T., 1918, No. 24, in the case of Thomas Grate Bar Company v. Lehigh Valley Cold Storage Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover for goods sold and delivered. Before STOTZ, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* and

with him *B. F. McAtee*, for appellant.—The goods
were accepted by the defendant. Robinson v. Liston-
burg, 58 Pa. Superior Ct. 136; Zeller v. Haupt, 41 Pa.
Superior Ct. 647; Crunden Martin Mfg. Co. v. Turner,
274 Pa. 425; Wright v. General Carbonic Co., 271 Pa.
332, 339; Elk Textile Co. v. Cohen, 75 Pa. Superior
Ct. 478; Money Weight Scale Co. v. Woodward, 29
Pa. Superior Ct. 142.

*John D. Hoffman*, for appellee.—The case was for
the jury on the question of acceptance. Bank v. Hoff-
man, 229 Pa. 429; Brown v. Judge, 77 Pa. Superior
Ct. 106; Traction Co. v. Huber, 274 Pa. 329-332.

OPINION BY PORTER, P. J., March 3, 1927:

This is an action of assumpsit brought by the plain-
tiff to recover the price of two sets of "Thomas Wig-
gling-Shaking-Dumping Grate Bars," alleged to have
been sold and delivered to the defendant. In the con-
tract between the parties, under which the grate bars
were delivered, the bars were "Guaranteed to increase
the steaming of your boilers, save fuel, reduce labor,
not buck, sag, warp or twist, from fair means; the
guarantee conditional upon your installing them as
per blue print and instructions we are to furnish you
and operate them according to the spirit of the firing
instructions we are to furnish you adapted to your
local conditions." The contract further provided that
the bars were to be erected under the supervision of
Frank E. Emery, who was an employe of the plaintiff
company. It further provided that the plaintiff was
to furnish a demonstrator after June 15, 1917; that
the kind of fuel used was to be rice and buckwheat.
The grate bars were installed under the supervision
of Frank E. Emery, the employe of the plaintiff in
March, 1917. The defense was upon the ground that
the grate bars furnished failed to properly operate,
did not increase the steaming of the boilers, save fuel,

reduce labor and failed to comply with the terms of the guaranty contained in the contract. The trial resulted in a verdict for the defendant and the plaintiff appeals.

The assignments of error refer to the refusal of the court to give binding instructions in favor of the plaintiff and to the overruling of the motion for judgment non obstante veredicto. The appellant contends that this case is controlled by the provisions of the 48th Section of the Sales Act, which provides that: "The buyer is deemed to have accepted the goods ......., when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." There is nothing in that section or any other part of the Sales Act which prohibits the parties to a contract from agreeing that the mere installation and use of the goods shall not of itself act as an acceptance, when there is a guarantee on the part of the seller that the property sold shall, during subsequent use, fulfill certain conditions. The defendant was engaged in the cold storage and ice manufacturing business and the grate bars were to be installed under a boiler which furnished steam necessary for the carrying on of the business during warm weather. The contract into which it entered with the plaintiff provided that the grate bars should be installed February 20th. Owing to difficulties of transportation from Birmingham, Alabama, where the grate bars were manufactured, the installation was delayed until the last of March, but concerning this delay no complaint is made. The contract provided that the guaranty should be dependent upon compliance by the defendant with firing instructions to be furnished by the plaintiff and that the plaintiff was to furnish a demonstrator after June 15th, at least two and a half months after the grate bars were installed. This clearly implies that the mere installation of the bars and the use

of them by the defendant should not constitute an acceptance. The defendant was to make an effort, with the aid of its own employes, to use the bars after they were installed and if it appeared that their employes were to need instructions as to the manner of that use, the plaintiff was, two and a half months later, to furnish a skillful demonstrator to instruct the employes as to the proper firing. After the grate bars were installed they were found to be unsatisfactory and entirely failed to comply with the conditions of the guaranty, of which fact the defendant repeatedly notified the plaintiff. The defendant, on May 26, 1917, sent to the plaintiff a telegram in the following words: "Do not wait until our patience exhausted and loss too great; expected you here before this; why this delay? Wire definitely." The president of the plaintiff company, who was the inventor of the grate bars, appeared at the plant of the defendant, on or about June 15, 1917, and it was testified that he was given full charge of the boiler room, with authority to discharge and hire the employes whose duty it was to do the firing. He undertook to demonstrate how to operate the device, and as admitted by appellant in the history of the case contained in its brief: "He conducted operations for several days, but without complete success." While the president of the plaintiff company was thus conducting the experiment as to the operation of the grate bars, he appeared before the executive committee of the defendant corporation, in order to iron out conditions, and he was then told that if the bars did not give better satisfaction they would have to be torn out; and he said that another half day would prove their worth and they would be able to make good, he said: "if the crisis comes to the high point and you tear them out, give me another chance to install them at a later date," and it was then agreed that he should have an opportunity to re-install the

bars after the ice season was over, which would be around November 15th. The president of the plaintiff company left the plant of the defendant company, without notice to that company, before the expiration of the half day which he had asserted would prove the worth of the grate bars, and never came back. The defendant continued to attempt to operate the grate bars for a short time after Thomas, the president of the plaintiff company had thus gone away without notice, but the operation was a complete failure and the defendant, in the following month, tore out the grate bars. This testimony would have warranted a finding that the understanding between the parties was that the plaintiff should make an attempt to re-install the grate bars after the expiration of the ice season, which would be about November. The plaintiff never made any attempt to re-install the bars, nor did it make any explanation of its failure to do so. It thus appeared, if the testimony was true, that the plaintiff had been repeatedly notified that the grate bars were not accepted; that the plaintiff, after a number of such notices, had made an attempt to operate the bars and that such attempt had failed; that he knew that the bars would have to be torn out, and that the plaintiff company had failed in its undertaking to re-install the bars after the expiration of the ice season. This being so it would have been error for the court below to give binding instructions in favor of the plaintiff. The question whether the defendant had accepted the bars was for the jury and the court did not err in refusing to enter judgment for the plaintiff notwithstanding the verdict.

The judgment is affirmed.