## Kaminsky v. Levine, Trading as Star Jobbing Company, Appellant.

Argued May 4, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Jacob Grobstein,* for appellant.

*Thomas W. Neely, Jr.,* and with him *Thomas W. Neely, Sr.,* for appellee.

Opinion by Keller, J., July 14, 1932:

This was an action arising from contract, brought before an alderman, and appealed to the County Court of Allegheny County to recover the purchase price paid for a second-hand electric refrigerator, which the defendant agreed to install and put in good running order, with a special guaranty in writing for sixty days; and which never did render satisfactory

service, and was rejected by the plaintiffs within the guarantee period.

The case was tried by a judge without a jury, who entered judgment in favor of the plaintiffs for the purchase price paid, $200, with interest. The defendant moved to open the judgment, a method of procedure apparently adopted by the rules of the county court, equivalent to a motion for a new trial in usual court practice. The court refused to open the judgment and the defendant appealed.

The evidence in the case is not printed, but from the stipulated statement of facts it appears that the defendant first offered to sell the refrigerator to the plaintiffs as it was, and without responsibility for putting it into running order, for $150. This was not satisfactory to the plaintiffs, whereupon defendant offered to install the machine and put it into running order for $200. This offer was accepted by plaintiffs and, on payment of the full purchase price, defendant gave them a receipt in full and written guaranty for sixty days, dated June 1, 1931, but actually delivered a little later.

The defendant took the machine to the plaintiffs' place of business for the purpose of installation. An employee of the defendant endeavored to put it in running order, but was not able to do so. Another repair firm was called in by defendant, which removed the machine to its own shop, and after some repairs again installed it, on or about June 15, 1931, in plaintiffs' shop. The machine failed to function properly and repairmen were sent in by defendant from time to time to make necessary adjustments, between June 15th and July 24th, without making it work satisfactorily. On July 24, 1931, the plaintiffs, through their attorneys, notified the defendant that unless the machine was put into good repair so as to render satisfactory service within one week, they would require him to repay the purchase price of the machine. The

defendant did nothing further by way of putting the machine in good running order and this action was then brought.

We think it is clear that the plaintiffs never accepted the machine within the provisions of the Sales Act of 1915, P. L. 543, section 48. The evidence all points the other way, and indicates a sale on trial, with an extra payment by plaintiffs to secure a satisfactory installation and good running condition guaranteed by defendant. The use of such a machine by the buyer pending attempts by the seller to make it work satisfactorily does not constitute such an acceptance, nor is the buyer bound to rescind the contract as long as there is a reasonable likelihood of the seller being able to overcome the defects and make the machine work satisfactorily: Kirk Johnson & Co. v. Light, 100 Pa. Superior Ct. 425; Thomas Grate Bar Co. v. Lehigh Valley Cold Storage Co., 90 Pa. Superior Ct. 91. Plaintiffs' retention of the machine, pending the defendant's efforts to make it run, was not for an unreasonable time, especially in view of the fact that the final notice of rejection was sent within the sixty day guarantee period.

The article sold was of such a size and weight that the plaintiffs could not have been expected to do the physical work of returning it to the defendant. The letter of the plaintiffs' attorneys could not reasonably be interpreted as being other than a definite rejection of the machine, unless fully and completely put into good running condition within one week, which was not done.

The assignment of error is overruled and the judgment is affirmed.