## F. A. NORTH COMPANY, A CORPORATION, PLAINTIFF, v. GEORGE H. BEEBE, DEFENDANT.

Decided September 9, 1933.

Before Henry H. Eldredge, Circuit Court judge.

For the plaintiff, *Waddington & Mathews.*

For the defendant, *Martin J. Greenblatt.*

ELDREDGE, C. C. J. This is a motion to strike an answer to a complaint filed by the plaintiff against the defendant to recover the sum of $338, due on a contract in writing for the sale of a piano by the plaintiff to the defendant.

The defendant, by way of answer, says that "the said piano was warranted at the said time and place to be a new and unused piano and that it would render reasonable and proper service."

The amended answer then sets up three special defenses: (1) a repetition of the above recital from the answer; (2) that no bench was delivered with the piano, and (3) that because of failure to deliver the bench the contract was rescinded.

The second and third special defenses may stand. The written contract provides for the delivery of a bench. This delivery is both affirmed and denied by affidavits, hence a jury question is raised.

The first special defense and that portion of the answer above quoted may be stricken. The contract entered into is in writing and contains no warranties. The defense therefore attempted to be set up cannot stand.

In the opinion of the court, the case is governed by *McCabe* v. *Standard Motors Construction Co.*, 106 *N. J. L.* 227; 58 *Atl. Rep.* 412. Like the contract in that case, the present contract contains a similar exclusive clause as follows:

"All previous or alleged contemporaneous communications between the parties hereto, either verbal or written, contrary to or in anywise differing from the provisions of this lease, are hereby withdrawn and annulled, and no future modification of this agreement of lease shall be binding upon the parties hereto, or either of them, unless such modification shall be in writing signed by them, and it is expressly agreed that the only evidence admissible in any court of the State of New Jersey or elsewhere of such modification shall be such writing so signed as aforesaid."

Like the court in the McCabe case, we are of the opinion that the written instrument constituted the sole agreement between the parties unless modified in writing. This being so, neither an implied nor an express warranty would have any place or effect in the case, for by the very terms of the contract such a warranty, if ever made, would be canceled.