**SHAFER v. REO MOTORS, Inc.**

Civ. A. No. 8403.

United States District Court
W. D. Pennsylvania.

Dec. 3, 1952.

H. E. Harper (of Alter, Wright & Barron), Pittsburgh, Pa., for plaintiff.

John M. Reed, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the Court on motion of defendant for summary judgment.

The action is brought in trespass to recover damages to a motor coach manufactured by the defendant and sold to the plaintiff by reason of its having been destroyed by fire alleged to have been caused by the gasoline tank breaking away from its supports and dragging on the street, thereby causing the gasoline to be ignited from sparks caused by friction.

The alleged negligence was the manner in which the tank was attached and the failure of the material used for that purpose to properly support the gas tank.

The Standard Warranty appearing on the reverse side of the purchase agreement is as follows:

"Standard Warranty

"We warrant each new Reo Truck and Reo Bus manufactured by us, to be free from defects in material and workmanship under normal use and service, our obligation under this Warranty being limited to making good at our factory any part or parts thereof, including all equipment or trade accessories (except tires) supplied by the Truck Manufacturer, which shall, within 90 days after making delivery of such vehicle to the original purchaser or before such vehicle has been driven 4,000 miles, whichever event shall first occur, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective; this Warranty being expressly in lieu of all other Warranties expressed or implied and of all other obligations or liabilities on our part, and we neither assume or authorize any other person to assume for us any liability in connection with the sale of our vehicles.

"This Warranty shall not apply to any vehicle which shall have been repaired or altered outside of an authorized Reo Service Station in any way so as, in the judgment of the Manufacturer to affect its stability, or reliability, nor which has been subject to misuse, negligence, accident, or loaded beyond the factory rated capacity.

"In Witness Whereof we have caused this Warranty to be signed by our duly authorized officers.

"Reo Motors, Inc.
"Lansing, Mich., U.S.A."

It is stipulated and agreed that the motor coach had been driven more than four thousand miles and had been in the possession of the plaintiff for a period in excess of ninety days at the time of the alleged destruction.

The issue for determination of this Court is whether the warranty attached to and made a part of the purchase contract is a bar to recovery by the plaintiff under the cause of action alleged in the complaint.

The motion for summary judgment authorized by Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., has an important place in preventing undue delay in the trial of actions to which there is no real defense, but it should be granted only where it is specifically clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. The moving party is entitled to judgment only where no genuine issue remains for trial, for the purpose of the rule is not to cut litigants off from their right to trial by jury if they really have issues to try. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967; Merchants Indemnity Corp. of New York v. Peterson, 3 Cir., 113 F.2d 4; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318. All doubts as to the existence of a genuine issue must be resolved against the party moving for a summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167.

Possessing jurisdiction because of diversity of citizenship, the Court is required to apply the rule of conflict of laws

applicable in the state in which it sits. The admitted facts are that the sale, delivery and damage to the motor coach took place in Pennsylvania. If any cause of action exists, it must arise under the law of Pennsylvania. Texas Motorcoaches, Inc. v. A. C. F. Motors Co., 3 Cir., 154 F.2d 91.

▮ Where a buyer relies on the judgment of the seller who knows the purpose for which the property is to be used, there is an implied warranty that the property is reasonably fit for the purpose for which it it was bought. The implied warranty arises independently and outside of the contract and is imposed by operation of law. Hobart Mfg. Co., v. Rodziewicz, 125 Pa.Super. 240, 189 A. 580.

▮ Nevertheless, in making a warranty of a motor vehicle, the seller may put any limitation he chooses on the character of the warranty or the time during which it is to remain in effect, and the measure of his responsibility on the warranty is fixed by its terms. Where a time limit is provided and has expired, the buyer has no right of recovery on the warranty unless the limitation has been waived by the seller. Where a vehicle is sold under a limited warranty, the purchaser cannot insist on any warranty other than that embraced in the contract, so a contract providing for certain warranties and expressly excluding all other warranties, express or implied, has been held to exclude any warranty that a motor vehicle should be fit for a particular purpose intended by the purchaser. 77 C.J.S., Sales, § 330 (e) (b), p. 1201; Sales Act, 69 P.S.Pa. § 332; Runco v. Brockway Motor Co., Inc., 164 Pa.Super. 240, 63 A.2d 397; Fairbanks, Morse & Co. v. Consolidated Fisheries Co., D.C., 94 F.Supp. 311.

Since no cause of action can be maintained in this proceeding for breach of an implied warranty, by reason of the excluding provisions contained in the purchase agreement, the plaintiff must recover, if at all, on the ground of negligence. There is no doubt that the complaint sets forth actionable negligence. The only question is whether the defendant could and did by its contract relieve itself of liability for negligence to this particular buyer.

▮ There is no rule of public policy which invalidates provisions limiting liability for negligence, or otherwise, as between the buyer and the seller. The buyer is under no compulsion to buy from the seller and, if the buyer desires to buy from the seller, the buyer has a choice of accepting the seller's terms or going elsewhere. Charles Lachman Co., Inc. v. Hercules Powder Co., Inc., D.C., 79 F.Supp. 206.

▮ It is my judgment that the provision of the "Standard Warranty" expressly releasing defendant from "all other obligations or liabilities on our part" is all inclusive, embracing any claims which might arise either for breach of warranty or breach of duty based on negligence.

I must conclude, therefore, that defendant relieved itself of liability to plaintiff under the terms of the warranty incorporated in and made a part of the contract for sale.

Motion in behalf of Reo Motors, Inc., for summary judgment is granted.

An appropriate Order is entered.