## Hoak v. Wertz

*John E. Eberly,* for plaintiffs.
*Paul H. Millin,* for defendant.

WOLFE, *P. J.,* September 24, 1974 — Plaintiffs commenced their trespass action against defendants alleging plaintiffs entered into an agreement with defendants to purchase a bovine bull which defendants represented was a good and healthy animal and could be used by plaintiffs for purposes of slaughter for beef, that shortly after delivery the animal had to be destroyed because of illness. Plaintiffs allege defendants, at the time of the execution of the agreement, and at the time of delivery, had reason to know it was sick and would not be fit for the particular use to which plaintiffs intended and therefore have breached the warranty of merchantability and fitness which had become the basic part of the bargain between the parties.

To this complaint defendants file preliminary objections in the nature of a demurrer and for a more specific complaint.

## THE DEMURRER

It is well established a demurrer will not be granted unless the complaint shows certainty that the law will not permit recovery. A demurrer admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deductible therefrom and where a doubt exists as to whether or not summary judgment should be entered, it should be resolved in favor of refusing to enter it: Gardner v. Allegheny Company, 382 Pa. 88, 114 A. 2d 491 (1955); London v. Kingsley, 368 Pa. 109, 109 A. 2d 870 (1951); Adams v. Speckman, 385 Pa. 308, 122 A. 2d 685 (1956). In short, these cases hold a party should not be put out of court with

prejudice if upon amendment, a good cause of action can be pleaded or if irrespective of amendment no cause of action exists, the case must be dismissed.

A fair review of the complaint alleges an enforceable contract and raises a question of fact which, if true, would permit plaintiffs to recover and the court cannot, as a matter of law, remove the factual issue from the factfinders and, therefore, this motion will be denied.

## MORE SPECIFIC COMPLAINT

Defendants argue that plaintiffs' allegation of breach of a warranty of merchantability is too general and is so lacking in specificity that it is impossible to prepare for trial without additional information; further, the allegation of illness in the animal lacks specificity as to the nature of the evidence of the illness and the precise time when the illness allegedly materialized.

It is defendants' position that plaintiffs' complaint does not set forth facts that would give rise to either an express or an implied warranty and the allegation defendants represented the animal to be a good and healthy one is nothing more than "puffing" or "sales talk" and relies upon Walker v. Kirk, 72 Pa. Superior Ct. 534 (1919), and Wilkinson v. Stettler, 46 Pa. Superior Ct. 407 (1911), which hold a vendor's statements that an animal is "solid, sound, all right and would work anyplace" does not constitute a warranty but is merely "sales talk."

The Uniform Commercial Code of April 6, 1953, P.L. 3, sec. 2-315, as reenacted, 12A P.S. §2-315, deals with implied warranty of goods fit for a particular purpose, providing:

"Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose."

The comments to this section makes it clear the legislative intent that the buyer need not expressly advise the seller actual knowledge of the particular purpose for which the goods are intended, or indeed, his reliance on the seller's skill and judgment provided the circumstances are such the seller has reason to realize the purpose intended or that the reliance exists. It is apparent the Uniform Commercial Code does not require the seller to do any "sales talk" or "puffing" talk of his goods or wares to impose upon the seller an implied warranty provided the seller has reason to realize the use to which his goods will be put to by his purchaser and the buyer actually relies on the seller for this use. Thus, the Commercial Code imposes a warranty by operation of law and is not dependant upon the seller's expressions: Frigdinners, Inc. v. Branchtown Gun Club, 176 Pa. Superior Ct. 643, 109 A. 2d 202 (1954), citing Hobart Manufacturing Company v. Rodziewicz, 125 Pa. Superior Ct. 240, 244, 189 Atl. 580 (1937):

"The doctrine is well established that when a buyer relies on the judgment of a seller who know the purpose for which the property is to be used, there is an implied warranty that the property is reasonably fit for the purpose for which it was bought, and it is not excluded by a written contract eliminating any warranty that may have been made by the seller. The implied sales warranty

arises independently and outside of the contract and is imposed by operation of law."

Obviously the Commercial Code in this respect has by statute overruled earlier cases requiring warranties to be expressed.

The foregoing law, in light of the allegations of this complaint, sets forth in detail all of the essential elements to establish a contract between the parties coupled with an allegation of warranty of fitness for purpose, which places the defendants upon notice of what they are called upon to defend. Plaintiffs need not allege a pre-existing defect in the animal as defendants assert because of the implied warranty as alleged.

For these reasons the preliminary objections must be overruled and we enter the following

## ORDER

And now, September 24, 1974, the preliminary objections to plaintiffs' complaint are denied and defendants are granted 20 days to file answer thereto.